**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROYAL DOMINGO FLAGG,

Plaintiff,

v. No. 2:26-cv-02348-KRS

CHOICES CENTER FOR INDEPENDENT LIVING,
BOARD OF DIRECTORS,
TERRI DOUGLAS and
AUDRA WILSON,

Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed July 20, 2026, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)", Doc. 2, filed July 20, 2026 ("Short Form Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed July 31, 2026 ("Long Form Application").

**Order Granting Application to Proceed *In Forma Pauperis***

After the Court notified Plaintiff his Short Form Application does not provide sufficient information for the Court to determine whether Plaintiff is able to pay the fees and costs of this proceeding, Plaintiff filed a Long Form Application. *See* Order to Cure Deficiency, Doc. 3, filed July 22, 2026.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and his spouse's combined average monthly income amount during the past 12 months is $841.67; (ii) Plaintiff and his spouse's combined income amount expected next month is $716.00; (iii) Plaintiff and his spouse's combined monthly expenses total $1,675.00; (iv) Plaintiff and his spouse have $8.20 in cash and in a bank account; and (v) Plaintiff's four children rely on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of this proceeding and because of his and his spouse's low combined monthly income  Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**Order to Show Cause**

This case arises from Plaintiff's employment with Defendant Choices Center for Independent Living ("Choices") and the termination of his employment. The other Defendants are

Choices' Board of Directors ("Board"), President of the Board Terri Douglas and Executive Director Audra Wilson. *See* Complaint at 1. Plaintiff brings claims pursuant to 11 statutes and regulations. *See* Complaint at 1-2.

The Court notifies Plaintiff that the Complaint contains some deficiencies, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, the Complaint fails to state claims against each Defendant. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated."*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The Complaint does not clearly identify which of the 11 claims Plaintiff is asserting against each of the four Defendants.

Second, it appears Plaintiff is bringing a *qui tam* suit under the False Claims Act. *See* Complaint at 2, 35 ("Petitioner claims under the False Claims Act a private citizen can bring a qui tam suit against a private company, for defrauding a federal program"); Doc. 5 at 2-3 (stating "A misuse of federal funding from a federally funded program warrants Federal False Claim Act and this case should be sealed until the Department of Justice elects to intervene and or other measures it may elect to secure"). Plaintiff, who is proceeding *pro se* and is not a licensed attorney admitted to practice in the District of New Mexico, cannot bring a *qui tam* claim under the False Claims Act

on behalf of the United States. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("to maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer"); *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89 (2d Cir. 2008) (stating that the proposition, that private parties cannot bring *qui tam* actions *pro se,* is a sound one, and noting that the Second Circuit has "cit[ed] with approval cases in which other courts of appeals have concluded that a *pro se* plaintiff who is not a lawyer cannot bring a *qui tam* action under the [False Claims] Act").

Finally, the Court reminds Plaintiff *again* that *pro se* litigants are held to the same standards of professional responsibility as trained attorneys, that Plaintiff has a responsibility to become familiar with the Federal Rules of Civil Procedure and the Local Rules of this Court, and Plaintiff's obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* Order at 1-3, Doc. 3, filed July 22, 2026. Rule 11 provides in relevant part that by presenting a paper to the Court, an unrepresented part certifies that the claims and other legal contentions are warranted by existing law. *See* Fed. R. Civ. P. 11(b)(2). Plaintiff incorrectly states that 42 U.S.C. § 1981 "protects employees from employment discrimination based on . . . religion, sex . . ." Complaint at 2. Section 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1981 does not prohibit employment discrimination based on religion or sex.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file

an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

The Complaint asserts claims against four Defendants pursuant to 11 laws over 179 numbered paragraphs. "[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed. Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.* Because the amended complaint must explain what each Defendant did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated, it is helpful if the amended complaint includes a section for each defendant that sets forth the factual allegations regarding that Defendant and identifying which claims Plaintiff is asserting against that Defendant. The Federal and Local Rules of Civil Procedure do not require that a complaint explain legal standards. The amended complaint need only reference the legal standard under which the claim is being asserted and allege facts supporting the claim.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to Section 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and to file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed July 31, 2026, is **GRANTED.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)", Doc. 2, filed July 20, 2026, is **DENIED as moot.**

(iii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 17th day of September, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE